Today's cases will be called as previously announced. The times will be as allotted to counsel. The first case today is number 171123 United States v. Randy Charriez-Rolon. Good morning. Good morning, Judge Schroeder. May I have your attention, please? There are two issues that we argued. I think they were pretty clear. One was we're characterizing as improper comment in a closing argument, and another was a denial of a Rule 29 motion. And I'll just take them up in order. What's the what? I'll just take them up in order. Okay. And obviously answer any questions that the defendant decided to testify in this case and limited his testimony to certain specific aspects of the case, like explaining. Does that make any difference? The fact that he chose to limit his testimony? Well, there is a scope issue in the federal system here. You mean the federal system? Yes. I was under the impression the rule was once you take the stand, you are a witness, period. You are a witness, but the prosecutor is limited in scope to what was brought up in direct. And what was brought up in direct was he explained the Vaseline and he explained the tinted windows. And every question that was posed to him about guilt or innocence from the prosecutor was sustained by the trial judge. And I assume it was sustained for a scope objection. It wasn't challenged. It was sustained. And he never, ever, ever talked about whether he was guilty or innocent. He was never asked and didn't talk about that. And the two times the prosecutor tried to do that and asked about isn't it true the pictures that you had were clearly minors, 13, 14, was an objection and was sustained. That was the end of his testimony. Nothing else was brought in about guilt or innocence. He wasn't asked, nor did he say. So when you get to closing argument and the prosecutor, and I think in all honesty, I probably phrased this wrong in terms of my argument. I phrased it in terms of a Fifth Amendment right to remain silent. Clearly he weighs that right when he gets on the stand. That's what I thought you were arguing. Yeah, and that's what I argued. But it's more of a Fifth Amendment due process claim. And I argue this too as an improper closing argument. And the judge intervened in the closing argument. The defense lawyer didn't object to it, but the judge intervened because she said... So why wasn't the curative instruction enough? Excuse me, I'm sorry? Why wasn't the curative instruction enough? Well, obviously that would be the argument, that the judge cured it by giving that instruction. But I would argue that the argument was fairly egregious and fairly went to... And basically he said if he would have been not guilty, he would have denied it. He would have said something. Well, counsel, why don't we have a real waiver issue here? I think you acknowledge you've got a plain error situation here. But in this instance, yeah, the judge was troubled by the rebuttal argument, wanted to give a curative instruction, reviewed it with counsel, and counsel specifically agreed to this instruction that it would take care of it. He did. And so this is not a matter of somehow counsel was inattentive, missed something, and in that situation plain error might apply. This is where the attorney specifically engaged with the judge on a curative instruction, said that's fine, I want you to give that. That sure sounds like a waiver argument to then now argue that that wasn't enough. That seems like it runs afoul of a pretty good waiver argument. Well, he was inattentive in the sense that he didn't object to it. The judge objected to it. But then he agreed. The judge said this is what I want to do to fix it, and the attorney said yes, that'll take care of it. And there was no argument that's not good enough. And he didn't make a motion for mistrial. Absolutely. And I understand that. I can't from my position argue ineffective assistance of counsel. I don't know if anybody else will if it ever comes to a habeas. But in my mind, this was a fairly egregious misstep. If it wasn't for the judge, he would have missed it completely. And he was totally inattentive to this. The judge said this, and, yeah, the defense lawyer said thank you. Thank you, Your Honor, for doing this. It was the judge's suggestion. And, I mean, that would be what you would be ruling on. Was this enough? Was it enough to cure it? But she gets up there and, you know, just right out there says he would have denied it if he was not guilty. First of all, think about on how many levels that argument is wrong. I mean, it's speculative. It's talking about facts not in evidence. And it is commenting on his right to remain silent, even though I understand to a certain degree you're giving that up when you testify. It was limited to certain things, and it didn't include that. So I thought it was a fairly egregious in-your-face argument that shouldn't have been made, and so did the judge. Whether the judge's instruction cured it or not or whether, as Judge Lippert says, that's a waiver, you know, we would argue that, in our mind, that wasn't enough. But we do understand what happened, and we do understand the procedural aspect of it. As to the Rule 29, I understand I don't think this court has ruled whether an expert witness is necessary to prove the ages of minors in child pornography cases. And this just goes to count three, not count one and two. But all we had here was a law enforcement officer who admittedly said, I'm not an expert, I'm not a doctor. These pictures look young to me. I think they look young. I believe they look young. That's all the evidence we had. I know the jury got to look at the pictures. Well, that's evidence in addition to what the officers said. Of course that's evidence. And my argument here is there was no any – I mean, whether this court decides to – I understand the Katz case, and we all quoted the Katz case in the top of the Fifth Circuit, and they say it should go by a case-by-case basis. But all we have here is really one officer who admittedly is not an expert, admittedly is not a doctor, that said, it looks young to me. Are you arguing for a broad rule that there always has to be expert testimony in a case like this? I think that would be nice. But, I mean, you know – It's not the rule of the circuit. Hmm? It's not the rule of the circuit. It's not the rule of all the circuits. No, of this circuit. It's not the rule of this circuit. I understand that. Not yet. That's what we go by here. But this circuit doesn't say you don't have to. And my question is, in this case, was an admitted non-expert who testified as to what I think, what I believe the pictures are, they look young to me, is that enough to get by a Rule 29 motion? But that's not all. I don't know if you looked at those pictures. Oh, no, I did not. Okay. So if you look at the pictures, which went to the jury – Of course they did. Based upon our case law that says the jury can make a reasonable appraisal of whether these kids are underage or not, I'm just hard-pressed to see how, if you had looked at the pictures, you would be arguing what you're arguing, because the pictures are certainly stronger evidence than what the agent testified. And admittedly, I did not look at the pictures in this case. I mean, I always do in trial cases, but I didn't in this case. If there are no other questions, my argument is finished. Thank you. Thank you. Do you still want your three minutes? I still want my three minutes, just in case. Okay. Thanks. Mr. Smith, good morning. Good morning, Your Honors. Good morning, Your Honors, and may it please the Court, Christopher Smith for the United States. Your Honors, after repeated warnings by the district judge and against the advice of his own counsel, the defendant in this case testified and attempted to explain away some of the circumstantial evidence of his guilt. When he did so, he waived his Fifth Amendment rights and could be treated like any other witness in the case. What is your understanding of our circuit's scope rule? Your Honor, the Supreme Court in Caminiti laid down the general rule that commentary on omissions in a defendant's testimony is perfectly appropriate. In Hearst, the Patty Hearst case that we cite, footnote 7 in that case, notes that the sum of the Supreme Court's subsequent case law indicates that the scope of the individual's defendant's waiver is coextensive with the scope of relevant cross-examination. In this Court's case law and in the Supreme Court case law, the scope of relevant cross-examination are matters reasonably related to what the defendant talks about on direct. And here, Your Honor, I think that that standard was easily met. This is not a case where the defendant attempted to talk about mere collateral matters, such as the voluntariness of a confession or something like that. The defendant went to attempt to negate the circumstantial evidence of his guilt. Directly before the defendant went to the witness stand, the victim, in this case, had testified. And one of the subjects of the victim's testimony was that the defendant had used a cream in order to facilitate the rapes, in this case, on the minor. Indeed, the victim identified a photo of a can of Vaseline, that had been found in the defendant's house, as being the cream that the defendant had used. The defendant got on the stand and when asked what was the purpose of his use of Vaseline, said that it was his medical condition, but left nothing to be said in response to what the victim had just testified. So that's one of the few instances in the defendant's testimony where I would point out that he was going specifically at the government's case on guilt or innocence. And under the rule of Caminiti, as the Ninth Circuit explained in the Hearst case that we cited in our brief, that was perfectly appropriate for the government to comment on. It was a half-truth. It was a comment on the defendant's credibility during the closing argument. Your Honor, I would just make one point about the Rule 29 issue as well. As Judge Thompson notes, the photos themselves were in the evidence in this case. Also, the defendant's statements to law enforcement were brought into evidence in this case, and the defendant stated to law enforcement that he was looking on the Internet for images of children sustaining adult sex that were around the ages of 12 or 14. So in addition to the descriptions of the photos that are in the record, in addition to the photos themselves, the photos appear to be exactly what the defendant himself said he was actually looking for. And I'd note that the district judge, in denying the Rule 29 motion, stated that while looking at the pictures, I would go the opposite way. I think that the pictures that depict specifically the organs of a minor, I think anyone who looks at it may conclude that these belong to a minor. And, Your Honor, as the Fifth Circuit candidate said in Katz, it is a case-by-case determination on whether an expert is required, but the evidence before the jury in this case leaves no doubt that the Jackson v. Virginia standard was met and that their conclusion was reasonable beyond a reasonable doubt. I'm happy to answer any further questions that the Court has on either issue, but otherwise I would rest on our briefs. Thank you. Thank you, Your Honor. I have nothing else to add, Your Honor. I'll wait for a few minutes at this time to rest on my briefs as well. Thank you, Your Honor. Thank you. Next case, please. Yes, sir.